IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ARTURO M. FLORES, et al.,<br><br>　　　　　Defendants.<br>_____ | Case No.: 1:10-cv-02087 AWI JLT<br><br>ORDER GRANTING DEFENDANTS' MOTION TO SET ASIDE DEFAULT<br><br>(Doc. 17)<br><br>ORDER DENYING AS MOOT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT<br><br>(Doc. 20)<br><br>ORDER SETTING SCHEDULING CONFERENCE |

J & J Sports Productions, Inc. ("Plaintiff") seeks the entry of default judgment against Defendants Arturo M. Flores and Alejandro Alex Vazquez, jointly and doing business as Los Amigos a/k/a Marakas Tropical a/k/a La Placita ("Defendants"). (Doc. 20). Defendants seek to have the entry of default set aside by the Court. (Doc. 17). The Court reviewed the motions and supporting documents and determined that these matters are suitable for decision without oral argument pursuant to Local Rule 230(g).

For the following reasons, Defendants' motion to set aside entry of default (Doc. 17) is **GRANTED**. Plaintiff's motion for entry of default judgment (Doc. 20) is **DENIED AS MOOT**.

///

**I.　Procedural History**

On November 9, 2010, Plaintiff filed its complaint against Defendants, alleging violations of the Communications Act of 1934 (47 U.S.C. § 605, *et seq.*), the Cable & Television Consumer Protection and Competition Act of 1992 (47 U.S.C. § 533, *et seq.*) and the California Business and Professions Code § 17200, *et seq*. (Doc. 1 at 3-8). In addition, Plaintiff alleges Defendants are liable for wrongful conversion of property, arising under California State law. *Id.* at 6-7. Plaintiff alleges it possessed the exclusive rights to the nationwide commercial distribution of "Firepower: Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship Fight Program" ("the Program"), televised on November 14, 2009. *Id.* at 3. Plaintiff's claims are based upon Defendants' alleged unlawful interception and broadcast of the Program.

Defendants failed to respond to the complaint within the time prescribed by the Federal Rules of Civil Procedure. Pursuant to Fed.R.Civ.P. 55(a), default was entered against Defendants on May 17, 2011. (Doc. 13).

On June 15, 2011, Defendants filed their motion to set aside the entry of default by the clerk with a hearing scheduled for July 26, 2011. (Doc. 17, 19). Plaintiff filed its application for default judgment on June 16, 2011 with a hearing set for July 25, 2011. (Doc. 20). Defendants then applied to the Court to vacate the hearing scheduled regarding the application for default judgment. (Doc. 21). On July 6, 2011, the Court vacated the hearing regarding Defendant's motion to set aside default and took it under submission as well as vacated Plaintiff's scheduled hearing regarding application for default judgment. (Doc. 22). Plaintiff filed its opposition to Defendants' motion on July 12, 2011 (Doc. 23), to which Defendant replied on July 18, 2011. (Doc. 24).

**II.  Motion to set aside default**

The Federal Rules of Civil Procedure outline the procedures for the entry of default. The Court has the power to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). In determining whether good cause exists, the Court is required to consider "(1) whether the party seeking to set aside the default engaged in culpable conduct that led to the default; (2) whether it had no meritorious defense; or (3) whether reopening the default judgment would prejudice the other party." *United States v. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010) (citing *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc.*, 375 F.3d 922, 925-26 (9th Cir. 2004)); *see also TCI*

1  *Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 696 (9th Cir. 2001). If the Court finds any of these
2  factors to be true, that is sufficient to refuse to set aside the default. *Id.* However, the Ninth Circuit
3  has stated "judgment by default is a drastic step appropriate only in extreme circumstances; a case
4  should, whenever possible, be decided on the merits." *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir.
5  1984). Therefore, when the party seeking relief from default "has a meritorious defense, doubt, if
6  any, should be resolved in favor of the motion to set aside the default so that cases may be decided
7  on their merits." *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945-46 (9th Cir. 1986) (quoting
8  *Schwab v. Bullocks Inc.*, 509 F.2d 353, 355 (9th Cir. 1974)).

9      A. <u>Culpable Conduct</u>

10      A moving party's conduct is culpable when they "ha[ve] received actual or constructive
11  notice of the filing of the action and *intentionally* failed to answer." *TCI Group*, 244 F.3d at 697
12  (quoting *Alan Newman Prods. v. Albright*, 862 F.3d 1388, 1392 (9th Cir. 1988)). Furthermore,
13  actions may also be found culpable when "there is no explanation of the default inconsistent with a
14  devious, deliberate, willful, or bad faith failure to respond." *Id.* at 698.

15      Defendants argue that their failure to respond was not culpable because they never received
16  any actual notice regarding the pendency of action. (Doc. 17 at 6-7). Defendant Vasquez asserts that
17  although substitute service was made by delivering documents to a Brian Castillo, he does not know
18  such a person and has never lived at the address that the documents were left at. *Id.* at 6. Defendant
19  Vasquez states he lives in Sherwood, Oregon, and did not receive notice of the lawsuit until June 2,
20  2011 when he spoke with defendant Flores. *Id.*

21      Defendant Flores also argues he never received actual notice. *Id.* at 7. He claims the process
22  server "threw the papers on the street" instead of leaving them with a Jane Doe (later identified as
23  Marlene Zunia) at defendant Flores's address. *Id.* Defendant Flores claims he never received the
24  additional copy of the summons and complaint that was allegedly mailed to the same address. *Id.*

25      The Court finds Defendants have offered sufficient explanations as to why they failed to
26  timely respond to the complaint. Defendants' allegations establish that neither of them was culpable
27  due to the fact that neither of them had actual notice of the pendency of action. Any doubt in this
28  matter should be construed in their favor. *See Mendoza*, 783 F.2d at 945-46. Furthermore, there are

no facts demonstrating Defendants acted in bad faith or had "any intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process." *Id.*

### B.  Meritorious Defense

In order to vacate a default judgment, a defendant "must present specific facts that would constitute a defense." *TCI Group*, 244 F.3d at 700.  However, the burden "is not extraordinarily heavy." *Id.* "All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense." *Mesle*, 615 F.3d at 1094 (citing *TCI Group*, 244 F.3d at 700).  Therefore, a defendant is not required to prove his defense by a preponderance of the evidence; he must merely establish "a factual or legal basis for the tendered defense." *Tri-Con't Leasing Corp., Inc. v. Zimmerman*, 485 F.Supp. 496, 497 (N.D. Cal. 1980).

Defendants claim they operate a swap meet where several businesses operate at one time, and that one of them exhibited the Program.  (Doc. 17 at 11).  They state they never had "direct or indirect" control over what was shown, never authorized the showing of the Program, and did not receive any kind of benefit from the exhibition of the Program. *Id.* Defendants claim that this refutes the elements of a television signal piracy case. *Id.*

Plaintiff responds that Defendants do not have a meritorious defense.  Plaintiff states Defendants mistakenly rely on two cases from the Eastern District of New York. (Doc. 23 at 5). Plaintiff contends not only do the cases not apply due to neither of the defendants being a corporation, but also that they do not develop a conjunctive list of elements required in a television signal piracy case but merely develop factors to be considered in such a case. *Id.*

Overall, because Plaintiff has alleged violations of *both* the Communications Act and the Cable & Television Consumer Protection Act, Defendants have a meritorious defense due to the fact that the allegations are contradictory. *See J & J Sports Prods. v. Prado*, 2008 U.S. Dist. LEXIS 29519, at * 7 (E.D. Cal. Mar. 27, 2008) (citing Schzwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed. Civ. Pro. Before Trial, § 6:48).  The Court explained:

> Plaintiff's first claim is for violation of § 605 of the Communications Act. Section 605 prohibits unauthorized interception of any radio communication. [Citation]   The term 'radio' includes satellite transmissions. [Citation].

4

> Plaintiff's second claim is for violation of § 553 of the Cable & Television Consumer Protection Act. Section 552 applies to any communications service offered over a cable system. [Citation]. Since § 605 covers satellite communications and § 553 covers cable, guilt under one statute is a defense to the other.

*Id.* at *7-8 (internal quotations and citations omitted). Therefore, because Defendants can only be liable under one statute, they have satisfied the requirement of a meritorious defense. Plaintiff contends this logic merely "delay[s] the inevitable" and that this fails to qualify as a meritorious defense. (Doc. 23 at 6-7). However, the conclusion followed by this Court has been shared by several other district courts. *See e.g.*, *J & J Sports Prods., Inc. v. Prado*, 2008 U.S. Dist. LEXIS 29519, at *7 (E.D. Cal. Mar. 27, 2008); *Joe Hand Promotions, Inc. v. Kaczmar*, 2008 U.S. Dist. LEXIS 88199 (N.D. Ill. Oct. 29, 2008); *Joe Hand Promotions, Inc. v. Chapa*, 2009 U.S. Dist. LEXIS 64004 (S.D. Tex. July 22, 2009). Plaintiff maintains that if this conclusion is accepted it establishes Defendants are liable under one of the sections. *Id.* at 7. However, this has no effect on a proper finding that Defendants have a meritorious defense for the above stated reason.

On the ther hand, and more persuasively, Defendants' claims raise the defense that they were not connected to the broadcast of the Program in that they only provided space and buildings, as a type of landlord, for other businesses to operate without any further connection to the broadcast. Thus, Defendants' allegations raise a defense, not as to one or the other cause of action, but as a complete defense.

### C. Prejudice to Plaintiff

"To be prejudicial, the setting aside of a judgment must result in greater harm than simply delaying resolution of the case." *TCI Group*, 244 F.3d at 701. The relevant inquiry is "whether [the plaintiff's] ability to pursue his claim will be hindered." *Falk*, 739 F.2d at 463. A delay "must result in tangible harm such as a loss of evidence, increased difficulties of discovery, or greater opportunity for fraud or collusion" in order for the setting aside of default to be considered prejudicial to the plaintiff. *TCI Group*, 244 F.3d at 701 (citing *Thompson v. American Home Assur.*, 95 F.3d 429, 433-34 (6th Cir. 1996)).

Defendant asserts, "Plaintiff has suffered no credible harm due to the short delay that may have been caused by defendant's failure to formally respond to the complaint and summons in a

more timely fashion." (Doc. 17 at 13). Conversely, Plaintiff argues that assuming *arguendo* that Defendants have waived any potential conflicts of interest, that they are still working together against Plaintiff and any delay allows them opportunity for fraud and collusion. (Doc. 23 at 3-4). However, no facts presented support that Plaintiff's ability to pursue their claim would actually be hindered. Likewise, there is no evidence of fraudulent behavior on the part of Defendants. A delay that allows Defendants to prepare and proceed to litigation on the merits cannot be considered prejudicial. *TCI Group*, 244 F.3d at 701. Therefore, Plaintiff has not established that it is prejudiced if default is set aside by the Court.

### D.   Conclusion

Defendants have established good cause for the entry of default to be set aside. Defendants did not act culpably in failing to answer the complaint, they have a meritorious defense, and Plaintiff will not be prejudiced by default being set aside. Therefore, the Court is within its discretion to set aside the entry of default and deny the entry of default judgment. *See Mendoza,* 783 F.2d at 945-46 (9th Cir. 1986).

## III.   Motion for default judgment

In light of the Court's setting aside the default entered against Defendants, Plaintiff's motion to enter default judgment is **DENIED** as **MOOT**.

**ORDER**

Based on the foregoing, the Court hereby orders:

1. Defendants' motion to set aside the default is **GRANTED**;
2. Defendants **SHALL** file their responsive pleading within 14 days of the date of service of this order;
3. Plaintiff's motion for default judgment is **DENIED** as **MOOT**;

///
///
///
///

4. The Court sets a scheduling conference in this matter on September 22, 2011 at 9:30 a.m. at 1200 Truxtun Avenue, Suite, 120, Bakersfield, CA. The parties **SHALL** comply with the requirements of the Court's order dated November 10, 2010 related to the scheduling conference. (Doc. 4)

IT IS SO ORDERED.

Dated:   **July 21, 2011**                                              **/s/ Jennifer L. Thurston**
                                                                UNITED STATES MAGISTRATE JUDGE