IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br>  Plaintiff, <br><br> v. <br><br> ARTURO M. FLORES and ALEJANDRO ALEX VAZQUEZ, INDIVIDUALLY and d/b/a LOS AMIGOS a/k/a MARAKAS TROPICAL a/k/a/ LA PLACITA, <br><br>  Defendants. | 1:10-CV-02087-AWI-JLT <br><br> **ORDER GRANTING DEFENDANTS' MOTION FOR ATTORNEY'S FEES** <br><br> (Doc. 60) |

## INTRODUCTION

On December 18, 2012, this court granted an order of summary judgment in favor of Arturo Flores and Alejandro Vasquez (hereinafter referred to as "Defendants"). The court awarded attorneys' fees to Defendants as the prevailing parties. Defendants now seek an order granting approval of attorneys' fees in the amount of $35,400.00 and costs in the amount of $161.90.  For reasons discussed below, Defendants' motion shall be granted with modifications.

## FACTS AND PROCEDURAL BACKGROUND

Plaintiff alleged that it possessed the exclusive nationwide distribution rights to "Firepower": Manny Pacquiao v. Miguel Cotto, WBO Welterweight Championship Fight

Program (hereinafter referred to as the "*The Program*"). (Doc. 1 at 3). *The Program* was televised on November 14, 2009. On this date Plaintiff tasked investigators to determine whether any businesses which had not purchased licenses were publicly exhibiting the program. Plaintiff was able to determine that *The Program* was being publicly exhibited without a license at 8331 Kern Canyon Road, Bakersfield, CA 93306, in the bar known as Marakas Tropical located in one of eighty rentable spaces in the swap meet known as Los Amigos. (Doc. 20-3; Doc. 41-1 ¶ 5; Doc. 41-2 ¶ 5).

On November 9, 2010, Plaintiff filed its complaint against Defendants, alleging violations of the Communications Act of 1934 (47 U.S.C. § 605, *et seq.*), the Cable & Television Consumer Protection and Competition Act of 1992 (47 U.S.C. § 533, *et seq.*) and the California Business and Professions Code § 17200, *et seq*. (Doc. 1 at 3-8). In addition, Plaintiff alleged Defendants were liable for wrongful conversion of property arising under California law. *Id.* at 6-7. Plaintiff's claims were based upon Defendants' allegedly unlawful interception and broadcast of *The Program*.

It was determined that Flores and Vazquez were not owners of the Marakas Tropical bar, but were simply owners of Los Amigos.

On December 17, 2012, this court granted Defendants' motion for summary judgment on the grounds that Plaintiff failed to prove Defendants: 1) had any direct liability; 2) knowingly authorized their vendor's interception and exhibition of *The Program*; 3) provided an environment and market for the interception and exhibition with knowledge such activity was or would be occurring; 4) had any direct financial interest in the interception and exhibition of *The Program*; or 5) had direct or indirect control over the premises of Marakas Tropical. (Doc. 59).

The court has since denied a motion by Plaintiff for reconsideration of the December 17, 2012 order, finding no plain error of law in granting summary judgment and attorneys' fees in favor of Defendants.

**LEGAL STANDARD**

Under both Ninth Circuit and California law, courts have discretion to use the lodestar method in awarding attorneys' fees. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998); *Wershba v. Apple Computer, Inc.,* 91 Cal.App. 4th 224, 254 (2001). An award of reasonable attorneys' fees is determined through the hybrid lodestar multiplier approach. A court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See D'Emanuelle v. Montgomery Ward & Co., Inc.,* 904 F.2d 1379, 1383 (9th Cir.1990) (overruled on other grounds by *Burlington v. Dague,* 505 U.S. 557 (1992)); *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

A court may adjust the lodestar upward or downward using a multiplier based on factors not subsumed in the initial calculation of the lodestar. *See Blum v. Stenson,* 465 U.S. 886, 898-901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); *Hensley,* 461 U.S. at 434 n. 9 (noting that courts may look at results obtained and other factors but should consider that many of these factors are subsumed in the lodestar calculation). That being said, the lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high. *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air,* 478 U.S. 546, 565 (1986)

(quoting *Blum, supra,* 465 U.S. at 898-901); *D'Emanuelle, supra,* 904 F.2d at 1384, 1386; *Cunningham v. County of Los Angeles,* 879 F.2d 481, 487 (9th Cir.1989).

Although district courts have discretion to determine the amount of a fee award, "it remains important ... for the district court to provide a concise but clear explanation of its reasons for the fee award." *Hensley, supra,* 461 U.S. at 437. The district court should give at least some indication of how it arrived at the amount of compensable hours for which fees were awarded to allow for meaningful appellate review. *Cunningham, supra,* 879 F.2d at 485 ("Courts need not attempt to portray the discretionary analyses that leads to their numerical conclusions as elaborate mathematical equations, but they must provide sufficient insight into their exercises of discretion to enable [the appellate court] to discharge [its] reviewing function"). "When the district court makes its award, it must explain how it came up with the amount. The explanation need not be elaborate, but it must be comprehensible." *Moreno v. City of Sacramento,* 534 F.3d 1106, 1111 (9th Cir.2008).

## DISCUSSION

A. Reasonableness of Defense Counsel's Hourly Rate

Defense counsel Matthew A. Pare requests an hourly rate of $400.00. Pare arrives at this figure by averaging two figures from the District of Columbia, then suggesting to the court that modifications be made (1) for cost of living expenses in Chula Vista and (2) based on the factors articulated in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir.1975) as applied to this case.

In determining a reasonable hourly rate, the fee applicant has the burden of "produc[ing] satisfactory evidence – in addition to the affidavits of its counsel – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably

comparable skill and reputation." *Blum, supra,* 465 U.S. at 896 n. 11; *Dang v. Cross,* 422 F.3d 800, 814 (9th Cir.2005). The Ninth Circuit has elaborated that:

> "This determination 'is not made by reference to rates actually charged by the prevailing party.' The court should use the prevailing market rate in the community for similar services of lawyers "of reasonably comparable skill, experience, and reputation."

*D'Emanuelle, supra,* 904 F.2d at 1384. The "relevant legal community" in the lodestar calculation is generally the forum in which the district court sits.[1] *Mendenhall v. NTSB,* 213 F.3d 464, 471 (9th Cir.2000) (overruled on other grounds by *Gonzalez v. Arizona,* 677 F.3d 383, 390 (9th Cir.2012); *see Jadwin v. County of Kern,* 767 F.Supp.2d 1069 (E.D.Cal.2011) (where a case is tried in the Eastern District of California, Fresno Division, "[t]he Eastern District of California, Fresno Division, is the appropriate forum to establish the lodestar hourly rate ..."); *see Barjon v. Dalton,* 132 F.3d 496 (9th Cir.1997) (applying the prevailing rate for the Sacramento community to an attorney whose practice was based in San Francisco when the case was litigated in the Eastern District, Sacramento Division). Either current or historical prevailing rates may be used. *Missouri v. Jenkins by Agyei,* 491 U.S. 274, 282-83 (1989). As this case is pending in the Fresno Division of the Eastern District of California, generally accepted attorneys' fees for attorneys of comparable skill, experience, and reputation in the Fresno community will determine whether Defendants' hourly fee request is reasonable.

Since Pare alleges nothing related to the reasonable hourly rates for attorneys of similar skill, experience, and reputation in the Fresno community, he fails in his duty of producing satisfactory evidence as required by *Blum.* This court will therefore attempt to determine a

---

[1] A narrow exception to the general rule exists where " 'local counsel [is] unavailable, either because they are unwilling or unable to perform because they lack the degree of experience, expertise, or specialization required to handle properly the case.' " *Schwarz v. Secretary of Health and Human Services* 73 F.3d 895, 907 (9th Cir.1995). Defendants have not alleged that this exception applies.

reasonable hourly rate based on recent decisions in the Fresno Division of the California Eastern District Court. In *Schultz v. Ichimoto,* 2010 WL 3504781 at *6-*7 (E.D. Cal. Sept. 7, 2010), the court awarded attorney fees for defense counsel in the amounts of $305.00 per hour and $255.00 per hour for counsel with thirty-one years and twenty-three years experience, respectively. The court went on the award associates fees at the rate of $150.00 per hour in the absence of justification to the contrary. *Id.* at *8. The attorney awarded $305.00 was a specialist in his field. In *Beauford v. E.W.H. Group Inc.,* 2009 WL 3162249 at *5 (E.D. Cal. Sept. 29, 2009), experienced counsel requested $425 per hour for specialized services. This court, even in light of the varying awards from several different courts that counsel had referred to in his declaration, awarded the figure of $350.00 per hour in conformity with prior reasonable awards within the Fresno Division of the Eastern District. In *Wells Fargo Bank v. PACCAR,* 2009 WL 211386 at *3 (E.D. Cal. Jan 28, 2009), this court found that experienced counsel with over thirty years experience in the practice of law was entitled only to the figure of $315.00 per hour. In *Ruff v. County of Kings*, 700 F.Supp.2d 1225, 1240 (E.D. Cal. 2010), experienced and competent civil rights counsel was awarded fees at $300.00 per hour.

In this case, Pare graduated law school in 2008. He is limited in his experience and submits no evidence regarding his skill, experience or reputation other than his own self-serving declaration. Pare's suggestion of a rate increase due to the cost of living differences between the District of Columbia and Chula Vista is irrelevant to the court's analysis as neither reflects upon the prevailing rate in the Fresno legal community. The court would note that most of the factors listed in *Kerr* are already accounted for in the court's determination of the lodestar amount. The court will only modify the lodestar figure to the extent that it finds the case "rare" or "exceptional" as required by *Blum.* As to Pare's proposed upward modification of the lodestar

based on the amount of time and labor expended, the court would note that this factor is accounted for since Pare will be compensated based on the number of hours that he worked on the case. This court will recognize, however, that based on the limited case law available to litigants surrounding Communications Act claims that some measure of skill is involved in defending against such claims.

Based on its prior fee awards in relatively similar cases and counsel's experience, this court will set the base award amount at $250.00 per hour. That award figure will be supplemented by an additional $25.00 per hour based on the unusual skill required to navigate this type of case and its novel nature due to the relatively sparse case law available within this jurisdiction. Accordingly, this court finds a reasonable fee for Pare to be $275.00 per hour.

B. Hours Reasonably Expended

The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. *See Hensley, supra,* 461 U.S. at 433. A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id.* at 434.

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Id.* at 433, 437; *Gates v. Rowland,* 39 F.3d 1439, 1449 (9th Cir.1994); *Gates v. Deukmejian,* 987 F.2d 1392, 1398–99 (9th Cir.1992). " '[C]ounsel ... is not required to record in great detail how each minute of his time was expended,' " as even "minimal" descriptions that establish that the time was spent on matters on which the district court may award fees is sufficient. *Lytle v. Carl,* 382 F.3d 978, 989 (9th Cir.2004). Counsel need only " 'identify the general subject matter of [their] time expenditures.' " *Trustees of Dirs. Guild of Am.-Producer Pension Benefits Plans v. Tise,* 234

F.3d 415, 427 (9th Cir.2000). The party opposing the fee application has a burden of rebuttal that requires submission of evidence that challenges the accuracy and reasonableness of the hours charged or challenges the facts asserted by the prevailing party. *McGrath v. County of Nevada,* 67 F.3d 248, 255-56 (9th Cir.1995); *Gates v. Gomez,* 60 F.3d 525, 534-35 (9th Cir.1995); *Deukmejian, supra,* 987 F.2d at 1398-99.

Here, counsel has documented his time with sufficient specificity to satisfy the court. Based on a review of the docket and counsel's time log it does not appear that counsel has submitted fee request hours that are excessive, redundant, or otherwise unnecessary. Since Plaintiff has not specifically objected to or submitted evidence to prove that any of the fee request hours submitted by Pare are inaccurate or unreasonable, this court is satisfied with Pare's record of hours expended. Accordingly, this court approves Pare's figure of 88.5 hours.

C. Costs

Since 47 U.S.C. 605 allows for the "recovery of full costs" and there are no specific objections by Plaintiff to the figures specified in part IV of Defendant's Motion for Attorneys Fees and Costs (Doc. 60), this court finds that the costs for service of process and postage a fee properly recoverable by Defendants.

**ORDER**

The court calculates that Defendants are entitled to recover fees and costs of $24,499.40 from Plaintiff. Specifically, Defendants are entitled to recover for 88.5 hours (at an hourly rate of $275.00 per hour) for the services of attorney Matthew A. Pare in the amount of $24,337.50. Additionally, Defendant is entitled to recover $161.90 for costs incurred for postage and service of process.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion for attorney's fees and costs is GRANTED WITH MODIFICATIONS against Plaintiff in the amount of $24,499.40.


IT IS SO ORDERED.

Dated:   July 12, 2013

SENIOR  DISTRICT  JUDGE